CHARLES H. GODFREY ET AL. V. CITY OF BEATRICE.

FILED APRIL 21, 1897.   No. 7201.

1. Contract to Supply Water: BREACH: DAMAGES.   In an action for the recovery of damages sustained by a city by reason of the failure of a contractor to furnish a stipulated number of gallons of water within a limited space of time, an instruction which, in effect, directed the jury, if they found for plaintiff, to return a verdict for the sum of such payments as had been made to the contractor for supplying boilers, an engine, pipe line, and machinery upon estimates as the work progressed, *held* erroneous in view of the fact

that by the terms of the contract there had been recognized no such contingency as the return of such payments to the city in any event.

2. **Principal and Surety.** An undertaking will be strictly construed in favor of sureties and their liability will not be extended by construction beyond their specific agreement. (*Curtin v. Atkinson*, 36 Neb., 110; *Gran v. Houston*, 45 Neb., 813.)

ERROR from the district court of Gage county. Tried below before BUSH, J. *Reversed.*

*Frick & Dolezal*, for plaintiffs in error.

*L. M. Pemberton* and *Alfred Hazlett*, contra.

RYAN, C.

The city of Beatrice recovered judgment in this case in the district court of Gage county on a verdict in the sum of $24,545.14 as against all the plaintiffs in error. As it will be necessary to quote from the pleadings and instructions, we shall give the parties the respective designations under which they were referred to in the district court. In the petition it was alleged that Charles H. Godfrey and A. J. Meals had constituted a partnership firm throughout all the transactions described; that on September 12, 1891, said firm entered into a contract with plaintiff for the putting in of a system of wells and appurtenances, including a pipe line, pumps, an engine, a condenser, a boiler, and other machinery, and guarantying said well system to continue supplying not less than two millions of gallons of water per day continually thereafter from the date of the completion of said contract by said Godfrey and Meals. The defendants Long, Wrede, Matthews, and Walker were joined as defendants by reason of their contract of guaranty, the conditions of which were stated in this language: "If the said Godfrey & Meals shall well and truly keep and perform all the terms and conditions of said contract on their part to be kept and performed, including any and all future changes or

modifications in said contract as therein set forth, and shall indemnify and save harmless the said city of Beatrice and the said city council and officers thereof as therein stipulated, then this obligation to be of no effect; otherwise, it shall remain in full force and virtue." The breach of the contract alleged was the failure to furnish a supply of water equal to two millions of gallons per day. Following immediately after the statement of the failure to furnish water as stipulated the petition contained this language: "And plaintiff alleges that it has paid to the defendants, Godfrey & Meals, on the aforesaid contract as the work progressed thereon various sums of money and in the total amount of $20,992. And plaintiff alleges that by reason of the failure of Godfrey & Meals to comply with the terms of their said contract herein above referred to, and by reason of their failure to furnish to this plaintiff a well system and daily water supply of two million gallons, as provided in said contract, that the plaintiff herein has been damaged in the amount of the sums so paid to Godfrey & Meals, as hereinbefore set forth, and in the total sum of $20,992. Wherefore plaintiff prays judgment against the defendants for the sum of $45,000, with interest thereon at seven per cent from date, and costs of suit."

In the contract with Godfrey & Meals, which was made a part of the petition as an exhibit, there were these provisions: "It is mutually understood and agreed that the parties of the second part shall furnish all materials, tools, and labor to put in his system of wells complete and demonstrate to the satisfaction of the mayor and city council that said wells will give and furnish a daily supply of at least two million (2,000,000) gallons of water each twenty-four hours before any installment of the above consideration shall be paid by the party of the first part; and provided further, in case of the failure of the parties of the second part to find or secure that quantity of water, the party of the first part will relieve the parties of the second part from a further compliance with their

contract, and in that event the party of the first part to be relieved of all liability for said work and materials and shall not be required to pay anything therefor." In the part of the contract immediately following the language just quoted it was provided that in case two million gallons of water should be obtained the consideration was to be paid in pursuance of the terms and specifications attached to said contract under the head of "payments." Turning to this particular head we find the following language: "Payments to be made of eighty per cent between the first and tenth of each month on estimates of all material furnished and labor performed the preceding month; ten per cent on completion of the work, and ten per cent on final acceptance of the work, to be paid in good and lawful money." The price to be paid for the completed works with the full supply of water guarantied was $45,000. From the quotations just made it is evident that there were conflicting provisions as to payment of this consideration. By the first it was provided that the work should be completed and the stated quantity of water furnished before anything was required to be paid; by the last provision it was required that eighty per cent should be paid on estimates of materials furnished and labor performed; ten per cent on the completion of the work, and ten per cent upon its acceptance. The payment pleaded was, we suppose, the eighty per cent on certain estimates, for this, being by the evidence left to conjecture, we have assumed that these payments were made under contract provisions.

The second instruction given to the jury was in this language: "If you find for plaintiff, from the evidence and the law as given you by the court, the amount of damages which plaintiff is entitled to recover from the defendant or defendants against whom you find is the sum of money paid by plaintiff to the defendants Godfrey & Meals under the contract set out in the petition, which is admitted to be $20,992, with interest thereon at the rate of seven per cent per annum from the time said Godfrey & Meals

failed to perform said contract on their part and finally abandoned the work on said system of wells and waterworks." We do not understand the theory on which it was assumed that the recovery of the money paid was the correct measure of plaintiff's damages. It was not pleaded that there was any agreement to refund payments if upon completion of the efforts of Godfrey & Meals the stipulated amount of water had not been furnished. In one provision of the contract it seems as though the city expected to protect itself by withholding all payments until a satisfactory amount of water was assured. In another part of the said contract, however, there were payments to be made as the work progressed based upon estimates of materials furnished and labor done. The payments actually made to the amount of $20,992 must, therefore, have been for materials furnished and labor done without reference to the required flow of water having been secured. As to this amount there was no provision in the contract in case of failure to obtain water as required, that Godfrey & Meals would refund payments already made to that firm. Such a claim was not asserted in the petition, and whatever may be the rights of the plaintiff, if it has any remedy because of the alleged failure to furnish water, it certainly was not, under this condition of the contract and pleadings, to recover payments by it made to Godfrey & Meals merely because such payments had been made. The injustice of adopting this measure of recovery is specially marked as against the sureties who had merely guarantied the faithful performance of the undertakings of Godfrey & Meals and contracted to indemnify and save harmless the city of Beatrice and its officers. The rule is that an undertaking will be strictly construed in favor of sureties, and their liability will not be extended by construction beyond their specific agreement. (*Curtin v. Atkinson*, 36 Neb., 110; *Gran v. Houston*, 45 Neb., 813.) The judgment of the district court is reversed and the cause is remanded

for further proceedings not inconsistent with the views above expressed.

REVERSED AND REMANDED.