VOL. 69]          JANUARY TERM, 1903.          115

German Nat. Bank of Beatrice v. Beatrice Rapid Transit & Power Co.

THE GERMAN NATIONAL BANK OF BEATRICE, NEBRASKA, V. BEATRICE RAPID TRANSIT AND POWER COMPANY ET AL.

FILED MAY 20, 1903. No. 12,781.

Supersedeas Bond: PETITION. In an action on a bond executed after judgment and pending the transfer of the cause to this court by proceedings in error, conditioned that the obligors "shall pay whatever judgment may be rendered by the court upon dismissal or trial of said appeal," a petition, which merely alleges that the original judgment of the lower court was affirmed and is unpaid, fails to state a breach of the bond.

ERROR to the district court for Gage county: CHARLES B. LETTON, DISTRICT JUDGE. *Affirmed.*

*George A. Murphy, Ernest O. Kretsinger* and *Robert Ryan,* for plaintiff in error.

*N. K. Griggs, Alfred Hazlett* and *Fulton Jack, contra.*

LOBINGIER, C.

This is an action on two bonds executed subsequently to the rendition of certain judgments against the principal obligor and others. Each bond recited the rendition of the judgment, "from which said judgment the said Beatrice Rapid Transit and Power Company has taken an appeal and writ of error to the supreme court of the state of Nebraska," and each was conditioned as follows:

"Now if the said Beatrice Rapid Transit and Power Company shall prosecute this appeal with effect and without unnecessary delay and shall pay whatever judgment may be rendered by the court upon dismissal or trial of said appeal, then the above obligation to be void, otherwise to remain in full force and effect."

The petition alleged that each judgment "was duly affirmed by the supreme court of Nebraska, and a mandate issued therefrom to the said district court for Gage county," and that said "judgment in all things became absolute and was unpaid." The obligors on both bonds were

116 NEBRASKA REPORTS. [VOL. 69

German Nat. Bank of Beatrice v. Beatrice Rapid Transit & Power Co.

the same and the petition prayed recovery against three of them. To this petition a demurrer was first interposed which was overruled, and two of the defendants answered alleging, *inter alia,* that they were sureties only on the bonds and urging again the insufficiency of the petition to state a cause of action. The attack on the petition was again renewed at the trial in the form of an objection to the introduction of evidence, but this was likewise overruled and the trial proceeded, resulting in a verdict and judgment for defendants, from which plaintiff brings this proceeding, alleging error in the instructions and admission of evidence. Able briefs are filed on both sides, and a number of important questions are discussed, some of which we do not find it necessary to determine. It will be noticed that the condition of these bonds is not such as is prescribed by sections 588 and 677 of the code relating to supersedeas and appeal undertakings. Plaintiff contends that these instruments are a substantial compliance with section 588 of the code, which in the case of a money judgment requires an undertaking "that the plaintiff in error will pay the consideration money and costs in case the judgment or final order shall be affirmed in whole or in part." It will be observed that these bonds not only do not require the obligors to pay the consideration money, but do not even bind them to perform the judgment of the district court, but merely "to pay whatever judgment may be rendered by the court upon dismissal or trial of said appeal." Defendants contend that these bonds not being in compliance with the statute were insufficient to stay the execution of the judgment and that there was consequently no consideration for them. This, however, is one of the questions which we deem it unnecessary to decide. For, assuming that these instruments are valid as common law contracts, the petition still fails, in our view, to set forth a liability on the part of defendants. The condition that they should "pay whatever judgment may be rendered by the court upon dismissal or trial of said appeal" would not be broken unless a judgment should be rendered by the appellate

court such as would be satisfied by payment; in other words, a money judgment. In *Hamilton v. Jefferson,* 13 Ohio, 427, the condition, much more specific than in this case, was:

"That if the said Tallmadge shall pay the full amount of the condemnation money, in the supreme court, and costs, in case a decree shall be entered therein in favor of the appellant, said writing obligatory to be void," etc.

In the supreme court a decree was rendered against Tallmadge, finding a certain amount due from him and directing the sale of certain securities to satisfy the same. The court said:

"There is no breach of any condition in the bond of the defendants. Their obligation is to pay the condemnation money and costs, in case a decree should be entered in the supreme court in favor of the appellee.

"In this decree there is no condemnation money. The appellant is condemned to pay nothing. The decree merely finds the amount due and directs the sale of the securities for its discharge."

In the case at bar it is not alleged that any money judgment was "rendered by the court upon dismissal or trial of said appeal." On the contrary, it is merely alleged that the judgment of the district court was affirmed and a mandate issued to it from the supreme court. A judgment of affirmance in this court usually includes a judgment for costs. But under section 623 of the code this is entirely under the control and in the discretion of this court and on demurrer the trial court could not presume that even a judgment for costs had been rendered. In no other respect is a judgment of affirmance a money judgment. It is merely the declaration that another judgment, rendered by another court, is valid, and it is followed, as here, by a mandate directing the other court to carry *its* judgment into effect. By a judgment of affirmance this court does not make the judgment of the district court *its* judgment. No execution can be issued from here and the proceedings to enforce that judgment must be taken in the court in which it was rendered.

In *Smith v. Huesman,* 30 Ohio St. 662, 669, the condition of a bond, given on appeal from the common pleas to the district court, was:

"That if the said Lewis Huesman shall and do well and truly prosecute said appeal to effect, and pay the full amount of the condemnation money in the district court aforesaid, and costs, in case a decree should be entered therein in favor of the said complainants," etc.

The appellate court found that appellees were entitled to one-half of the land scrip in controversy and ordered a reference to a master to be appointed by a common pleas court, and that appellants should pay the amount thus found due. This it will be seen was much more nearly the rendering of a money judgment in the appellate court than is alleged in the case at bar. The court said:

"In the case before us, the district court does not decree that any sum shall be paid; it decrees that the party shall pay what another tribunal may direct him to pay. We do not think that, under the circumstances, the surety can be held liable upon his undertaking."

To the argument that the action of the common pleas court in that case was in fact the action of the district court, it was observed:

"We hardly think that this is a just application of the principle of agency. The court of common pleas acts in conformity with the mandate transmitted to it, and yet we do not suppose that it could render a judgment such as that the district court could issue execution upon it. Clearly they are two distinct tribunals, and it would seem to be an unwarrantable strain upon words to say that a bond given to cover a judgment in one should be held to cover a judgment in the other."

Even where the bond requires appellant to pay the amount of the judgment, "rendered and to be rendered" against him in the appellate court, in case the judgment appealed from should be affirmed, it can not be extended so as to bind him for a judgment subsequently rendered in the trial court pursuant to the directions of the appellate

court. *Rothgerber v. Wonderly,* 66 Ill. 390; *Huntington v. Aurand,* 67 Ill. App. 260.

Indeed, a surety's undertaking to pay a judgment rendered by one court will never be so extended as to include a judgment rendered by another court though in the same proceeding. *Hinckley v. Kreitz,* 58 N. Y. 583; *Nofsinger v. Hartnett,* 84 Mo. 549. And this would result here, were we to hold that defendants' undertaking, to "pay whatever judgment may be rendered by the court upon dismissal or trial of said appeal," requires them to pay the judgment of the district court which was affirmed in that proceeding. In all actions upon instruments of this character, the construction, if doubtful, is resolved in favor of the surety. *Winston and Fenwick v. Rives,* 4 Stew. & P. (Ala.) 269; *Young v. Mason,* 3 Gil. (Ill.) 55; *Post v. Doremus,* 60 N. Y. 371. The liability of sureties such as defendants, is *strictissimi juris* and will not be extended beyond the literal terms of the contract. *Hopewell v. McGrew,* 50 Neb. 789; *Godfrey v. City of Beatrice,* 51 Neb. 272.

If it were conceded that defendants' undertaking, "to prosecute this appeal with effect," was not performed by the perfection of the error proceeding and the prosecution of it to final judgment, it would, nevertheless, remain true that defendants did not undertake to pay the judgment here sought to be enforced against them. Their only undertaking respecting payment was to pay a judgment of the appellate court and there is no averment that any judgment was rendered by that court requiring payment.

Our conclusion is that the petition fails to state a cause of action and that plaintiff could not have been prejudiced by the instructions and rulings complained of, conceding that these were erroneous. We, therefore, recommend that the judgment be affirmed.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.