JOSEPH L. LOCKE ET AL. V. JAMES J. SKOW.

FILED FEBRUARY 22, 1906. No. 14,162.

1. **Bonds:** CONSIDERATION: ESTOPPEL. One who executes a bond under circumstances that would estop him to assert its invalidity for want of consideration cannot, in an action upon the bond, avoid liability on the ground that the plaintiff is estopped to assert that there was any consideration for the bond. *United States Fidelity & Guaranty Co. v. Ettenheimer*, 70 Neb. 147.

2. ———: PETITION: SUFFICIENCY. In an action for the breach of the conditions of a bond, one of which was that the defendant would satisfy the judgment, if judgment be rendered against him on appeal, the petition is not open to demurrer because it does not show the rendition of a judgment which could be paid, where it does show the breach of another condition actionable independently of the liability to satisfy or perform the judgment.

ERROR to the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*S. D. Killen, J. E. Cobbey* and *G. M. Johnston,* for plaintiffs in error.

*E. O. Kretsinger* and *Sackett & Spafford, contra.*

JACKSON, C.

James J. Skow sued Joseph L. Locke in county court for the unlawful possession of real estate and had judgment for the restitution thereof on March 20, 1900. Locke caused to be executed, filed and approved in the county court a bond for the purpose of perfecting an appeal to the district court. The bond, after reciting the judgment, contained these conditions: "Now, therefore, we * * * do promise and undertake to the said James J. Skow that

said defendant shall prosecute said appeal to effect, and without unnecessary delay, and that said defendant, if judgment be adjudged against him on the appeal, will satisfy such judgment and costs, and pay a reasonable rent for the use and occupation of the premises aforesaid to the said plaintiff." The plaintiff assailed the bond as being insufficient in law, but his objections were overruled, and a transcript of the proceedings had in the county court was filed in the district court within the time allowed for perfecting an appeal. Locke remained in possession of the premises until the 11th day of December, 1900, when the district court, on motion of the plaintiff, dismissed the appeal for want of jurisdiction, this court having in the meantime held that the statute authorizing an appeal to the district court in actions for the forcible detention of real estate was unconstitutional, and that the district court acquired no jurisdiction in such cases by appeal. No proceedings having been taken to reverse or modify the judgment of dismissal, the action of the district court became final, and the defendant in error thereupon instituted an action in the district court against Locke and his sureties on the bond. The material allegations of the petition contained a recital of the judgment in the county court; the execution and approval of the appeal bond; the judgment of dismissal by the district court; that Locke had sole and exclusive use, possession and occupation of the premises, and obtained the rents and profits therefor by reason of the execution and approval of the bond from its execution until the 11th day of December, 1900; that the reasonable price and value of such use and occupation during the period was $280; that the defendant had failed, neglected and refused to pay the reasonable rent for such use and occupation, and the costs of the proceedings; that no part of the same had been paid, except the sum of $150 to apply on the costs; that there was due and unpaid costs amounting to $23.50; and the plaintiff prayed judgment for $303.50, with interest. Issues were joined, and a trial to the court and a jury

resulted in a verdict and judgment favorable to the plaintiff.   Locke and his sureties prosecute error.

Four questions are discussed and urged as a reason why the judgment of the district court should be reversed: First, that the petition does not state a cause of action; second, the alleged bond is not a statutory bond; third, it contains none of the elements of a common law bond, that there was no mutuality, and that by the action of the defendant in error it was prevented from becoming effective in securing a trial on appeal; and, fourth, that the sureties are not liable because the consideration which influenced them to sign failed, that is, the alleged bond did not procure for Locke a trial *de novo*.

It is said that the petition is insufficient because it does not appear from the allegations that a judgment was rendered in the district court that could be satisfied by payment, and the case of *German Nat. Bank v. Beatrice Rapid Transit & Power Co.*, 69 Neb. 115, is cited in support of that contention.   A comparison, however, of the bond in that case with the one now under consideration discloses a marked difference in the language and conditions of the two bonds.   The condition of the bond in the case cited being: "Now, if the said Beatrice Rapid Transit & Power Company shall prosecute this appeal with effect, and without unnecessary delay, and shall pay whatever judgment may be rendered by the court upon dismissal or trial of said appeal, then the above obligation to be void, otherwise to remain in full force and effect."   And it was held that because the petition did not show a judgment rendered in the appellate court requiring payment, the petition did not state a cause of action; while in the case at bar the bond contained a provision that, in case judgment was rendered against the defendant, the principal and his sureties would pay a reasonable rent for the use and occupation of the premises to the plaintiff.   From the nature of the action such a promise furnished the principal consideration for permitting the defendant to remain in possession of the premises, and had the case been tried

in the district court *de novo* and judgment there entered for the plaintiff, as in the court below, it is obvious that the liability of the sureties would have been something beyond that of a compliance with the judgment in the district court; there would still be a liability for the use and occupation of the premises. The promise to pay rent was a separate promise and was supported by a distinct consideration. The petition recited that by reason of the undertaking the said Locke remained in the possession of the premises and enjoyed the rents and profits therefrom; that the value of such use and occupation was the sum of $280, no part of which had been paid. It disclosed the final determination of the action, in which the bond was given, adversely to the principal in the bond.

There is some claim that the petition is insufficient because it does not show a delivery of the bond and an acceptance on the part of the obligee. The question of delivery is purely one of intention. Did the obligors intend the instrument to become operative as a bond? To hold that they did not would be to discredit the evidence furnished by their own acts in procuring the same to be approved. That the bond was accepted, and the course of the obligee influenced and controlled thereby, is conclusively shown by the fact that he refrained from asserting his right to the possession of the premises involved in the litigation until the dismissal of the appeal in the district court. The contention that the petition does not state a cause of action cannot be sustained.

The remaining questions may be disposed of together. It is not important that the bond is not a statutory bond, because the obligation would be good at common law unless the plaintiff in error is estopped from maintaining an action thereon, and it is seriously urged that he is so estopped by reason of the fact that the appeal to the district court was dismissed on his own motion. In *United States Fidelity & Guaranty Co. v. Ettenheimer*, 70 Neb. 147, it was held that "one who executes a bond under circumstances that would estop him to assert its invalidity

for want of consideration cannot, in an action upon the bond, avoid liability on the ground that · plaintiff is estopped to assert that there was any consideration for the bond." In principle that case cannot be distinguished from the one at bar, although that case proceeded to the supreme court before its dismissal. The present chief justice, speaking for the court in that case, said:

"If the defendant obtained no other benefit of his attempted appeal, he, at least, was enabled to present the question to this court, and in the meantime retained the possession of the premises in dispute. The object of the undertaking was to protect the plaintiff against two sources of possible injury: (1) he would be subjected to expenses in the district court, which would be unnecessary if the judgment already rendered should finally stand as the law of the case; (2) he would, while the proceedings were pending, be deprived of the possession of the premises which had been awarded to him by the judgment of the justice."

The order dismissing the appeal in the forcible detention proceedings was a judgment within the meaning of the bond, and we hold that there was both a consideration for the bond and a breach of the conditions thereof; that the judgment of the district court was right, and we recommend that it be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.