# SUPREME COURT

OF THE

## STATE OF IOWA

AT

## DES MOINES, JANUARY AND MAY TERMS, 1920.

---

HENRY DEN ADEL, Appellee, v. CASUALTY COMPANY OF
AMERICA, Appellant.

**MASTER AND SERVANT:** Workmen's Compensation Act—Nonap-
proved Agreements Between Employee and Employer—Action on
Bond. Employees and employers may, without the approval of
the industrial commissioner, agree on the amount due for in-
juries under the Workmen's Compensation Act; and an insurer
who has agreed to pay *"any sum due or to become due"* from
the employer to his employees is bound by such agreement,
when he recognizes it by making part payment. It follows
that, in such case, the employee may, to protect his lien on the
bond, maintain a direct action against the insurer, irrespective
of the solvency of the employer. (See Secs. 2477-m25, 2477-m48,
Code Supp., 1913.)

*Appeal from Polk District Court.*—JOSEPH E. MEYER,
Judge.

JANUARY 20, 1920.

THE opinion sufficiently states the case.—*Affirmed.*

*Brammer, Seevers & Hurlburt,* for appellant. ·  ·

*Brockett, Strauss & Shaw,* for appellee.

Weaver, C. J.—The petition, which is entitled in equity, is somewhat obscurely stated, but is, in substance, that, in May, 1915, the defendant Casualty Company issued to one Breuklander a policy of insurance against liability as an employer under the Workmen's Compensation Act of this state; that, while said policy was in full force and effect, the plaintiff, being the employee of said Breuklander, received severe and permanent injuries; that such injuries, so sustained by plaintiff, arose out of and in the course of his said employment; and that, by reason of such injuries, plaintiff became entitled to receive from his employer and the said Casualty Company the full sum of $3,600. Of this sum it is alleged that the insurer has paid plaintiff the sum of $507, but the remainder is still due and unpaid, and judgment is asked for recovery of the unpaid remainder. For the enforcement of such claim, the plaintiff asserts a lien in his favor, under the provisions of Section 2477-m48, Code Supplement, 1913, on whatever amount may be or become due from the insurer to the insured, which lien he prays may be established and enforced, to the amount of the judgment which may be recovered by him.

A copy of the policy of insurance issued by the defendant is attached to the petition. By its terms, the company assumes and agrees to pay "any sum due or to become due" from the employer on account of personal injuries sustained by his employees, the obligation for which compensation is imposed upon said employer by the Workmen's Compensation Act.

The defendant demurred to the petition, assigning as grounds therefor: (a) that it fails to state a cause of action; (b) that there is no privity of contract between plaintiff and defendant; (c) that it does not allege any arbitra-

tion or allowance of plaintiff's claim under the provisions of the statute; (d) that, under the statute, action or proceedings to enforce collection of compensation must be begun before the industrial commission of the state; (e) that there is no allegation that the employer has failed or refused to pay the compensation, if any, to which plaintiff claims to be entitled; and (f) that there is no allegation that the employer is insolvent, or that there is any other reason for a direct action against the insurer.

The demurrer was overruled, February 2, 1918. The record of the ruling is followed by a notation that "defendant excepts;" but later, on March 19, 1918, defendant filed a motion to strike the petition from the files and dismiss the case upon grounds which are quite identical with those which had been before assigned in support of the demurrer overruled, as above stated. Subject to this motion, defendant further moved the court for an order requiring the plaintiff to make his petition more specific in several particulars. This motion was denied generally, to which ruling also defendant excepted. Thereafter, on April 10, 1918, defendant was held to be in default for want of answer to the petition, and judgment was entered for plaintiff substantially as demanded. The defendant appeals.

I. The appellant's principal contentions may be abbreviated as follows: That there is no direct or original liability of the Casualty Company to the employee, and that the only method by which the employee may obtain the benefit of the insurance taken out by the employer is by proceedings initiated before the state industrial commission. If the case presented by the plaintiff did no more than to disclose the relation of employer, employee, and insurer, and the employee's injury, arising out of and in the course of his employment, the position taken by appellant could well be sustained; but the petition demurred to is not thus limited. The statute does not inhibit an agreement between

parties for settlement without a hearing before the commissioner or board of arbitrators.

By Sections 2477-m25 and 2477-m26, the employer and employee may agree upon terms of settlement, subject to the approval of the commissioner; and it is only when no such settlement is reached that the employee is required to institute proceedings before that officer. And if an agreement is reached, and the insurer sees fit to act thereon, and does, in fact, pay the stipulated sum, without first referring the matter to the commissioner for approval, we see no good reason why it should not be bound thereby. With reference to the position of the Casualty Company in these transactions, it is to be noted that its policy is not an ordinary agreement of indemnity, by which the employer, after adjudication of the claims against him, may call upon the insurer to make good the loss. To be sure, the measure of the insurer's obligation is the amount for which the employer is liable to the employee, but such obligation is not that of mere surety. For the premium paid, the company assumes direct and primary liability—not simply to the employer, as a reimbursement for losses sustained, but to the employee, to pay "any sum due or to become due" from the employer to his employee for injuries for which the latter is entitled to compensation under the Workmen's Compensation Act, and, at its own expense, to defend all suits and other proceedings brought against the employer on account of injuries alleged to have been sustained by an employee. To all ordinary intents and purposes, the proceedings in and out of court on account of claims of this kind are carried on, so far as the employer is concerned, under the direction and control of the insurer. It is the insurer who settles, if a settlement is agreed upon; it is the insurer who pays, if payment be made; and it is the insurer who defends, if the matter be litigated, and pays all costs and expenses so incurred. If such insurer finds or believes it advisable to settle a claim, and,

terms being agreed upon, it pays the amount, it cannot thereafter be heard to deny the binding character of the agreement; and, if it recognizes the obligation assumed in such settlement by part payment of the agreed amount, we think it is equally estopped to deny its liability for the unpaid remainder. We are not to be understood, however, as holding that failure to refer the matter to the adjudication of the commissioner may not be pleaded as a defense.

Now, it is true that the petition, as we said at the outset, is not as clear or specific as could be wished, and does not, in extended or specific terms, allege such settlement; but such, we think, is the substance and effect of the pleading, and it does allege or admit part payment by the defendant. Under such circumstances, why may not plaintiff have an action directly against the insurer for the unpaid remainder? The promise to pay is the insurer's promise, and the debt is its debt.

The plaintiff is not required to allege or prove the insolvency of the employer; for, as we have already said, the insurer has, for value received, assumed and undertaken to be responsible for all the claims of employees for compensation under the statute, without regard to the solvency or insolvency of the employer. Nor is it a ground for demurrer, if it be true, that plaintiff's right of action, if any, is at law, and not in equity. Code Sections 3426, 3432.

There are features of the case which are not entirely free from difficulty; but we are of the opinion that the trial court did not err in overruling the demurrer and motion to strike.

II. Some question is raised by appellee that defendant waived its right to have a review of the ruling upon the demurrer, because it did not expressly elect to stand upon the demurrer, but thereafter moved to strike the petition, and to make it more specific, and, upon the denial of the motion, failed to answer; but, since we find that the peti-

tion is not vulnerable to the attack made upon it, a ruling upon this objection is not necessary to a disposition of the appeal, and we do not pass upon it.

For reasons stated, the judgment of the trial court is— *Affirmed.*

LADD, GAYNOR, and STEVENS, JJ., concur.