GERALD H. PALMER, ADMINISTRATOR, APPELLEE, V. WILL H. HAMER, APPELLANT.

275 N. W. 322

FILED OCTOBER 1, 1937. NO. 30147.

*Gaines, McLaughlin & Gaines* and *L. Q. Hills,* for appellant.

*John E. Wakeley* and *Clair F. Mulvihill, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY and PAINE, JJ., and SPEAR and KROGER, District Judges.

SPEAR, District Judge.

Compensation proceedings brought by Gerald H. Palmer, special administrator of the Estate of Ernest H. McNutt, also known as Harry Miller, deceased, plaintiff and appellee, against Will H. Hamer, defendant and appellant, on account of the death of McNutt. Deceased was an itinerant and intermittent house painter, who had been working off and on for defendant Hamer, a painting contractor. Deceased, at the time of his death, was engaged in his master's business, and the evidence shows was making an average of about $10.40 a week, although he was paid 75 cents an hour.

The district court found for plaintiff and awarded compensation at the rate of $15 a week, and also various medical expenses, funeral expenses, and attorney fees. Defendant appeals, contending in short, that deceased had been

divorced from his wife some years before; that she had re-married and that she and the stepfather were supporting the children; that the children had received practically nothing from deceased for years; that a legal duty to support the children will not support an award of compensation under these circumstances, unless actual dependency is shown; and lastly that the amount of the award is excessive.

The facts are briefly as follows: In 1927 deceased and his wife were divorced, the decree providing that the custody of the minor children be awarded to Mrs. McNutt and providing for the payment by McNutt of $25 a month for support of the children. After the divorce Mrs. McNutt married one Willie Brooks and she and three of the children who are now under eighteen years of age live with him on a farm in Missouri. In the meantime McNutt married again but was not living with his second wife at the time of his death, although he was not divorced from the second wife.

Section 48-124, Comp. St. 1929, provides:

"The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: * * * (c) Child or children under the age of eighteen years * * * upon the parent *with whom he is or they are living* at the time of the death of such parent, there being no surviving parent. * * * (d) * * * The terms * * * 'children' shall include stepchildren if members of the deceased's household at the time of his death. * * * (e) *In all other cases,* questions of dependency, in whole or in part, *shall be determined in accordance with the fact,* as the fact may be *at the time of the injury*; * * * if there is no one wholly dependent and more than one person partly dependent, the death benefit shall be divided among them according to the relative extent of their dependency." (Italics ours.)

The situation as regards children has never been considered in a reported case by this court, so a new question is here presented.

Under the provisions of our statute, must the children, in order to recover compensation, show that they were dependents in fact, i. e., that the father contributed to their support or would probably make contributions to them, or is it sufficient to show that the father was legally liable for their support?

At the risk of getting the cart before the horse, we may say at this point that the testimony of the daughter, Cleo, that her father sent her $40 to $60 a month is such utter perjury that it is not worthy of consideration. Her father was going about the country, with no work a great deal of the time, married again, though not living with his wife, and there are no evidences of payments except her own word. Her stepfather knows of no such payments, although he testified to four payments totaling $65, and some gifts of clothing. So we have a situation where the father for eight years did not support his children.

We do not believe that legal dependency is sufficient, under our statute, to support a claim for compensation. If it were, there would be no requirement in the statute that, in order to create a conclusive presumption of total dependency, the children must be living with the parent at the time of his death, as distinguished from the section which states that dependency in other cases shall be determined in accordance with the fact. Do the words "in accordance with the fact" permit this court to say that the statute means in accordance with the legal fact and not as to the actual facts existing at the time of the death of the parent? Can this court interpret the statute to mean where one is legally entitled to support that he comes within the purview and protection of the statute? In determining this, we must bear in mind that this court is not permitted to add to the classes of those entitled to compensation as fixed by the legislature, regardless of how just it may seem in a particular case. It appears that 2 Schneider, Workmen's Compensation Law (2d ed.) sec. 374, states the general rule, as follows:

"Where a father has abandoned his wife and children,

the mother obtains a divorce, and the custody of the children has been given to a person other than the father, it cannot be said that the children are living with the father within the conclusive statutory presumption that children living with the parent are dependent upon such parent. The legal obligation of the parent to support the child is insufficient to bring the child within the statutory presumption; and to establish dependency of such children, actual support must be shown."

Had the deceased, in the case at bar, been living with his second wife at the time of his death, she would have been, beyond doubt, entitled to compensation. Had his second wife had stepchildren living with deceased, they would have been entitled to compensation. We do not feel it incumbent upon this court to read a section into the statutes which would in effect state that, in the event deceased had no wife or stepchildren living with him, others legally entitled to his support would be entitled to compensation, even if, in fact, deceased had not been supporting them. See *Roberts v. Whaley,* 192 Mich. 133, 158 N. W. 209; *Weliska's Case,* 125 Me. 147, 131 Atl. 860.

Plaintiff cites *Parson v. Murphy,* 101 Neb. 542, 163 N. W. 847, and contends that this decision is decisive in the instant case. In that case the mother of the deceased, who was not living with him or being supported by him during his lifetime, was allowed compensation. This court said that the presumption that a man would do his duty would apply "until overcome by proof," and that under the facts in that case it would not be presumed that the son would be "unmindful of his duty." The son had not made any contributions to his mother during his lifetime, but she testified that about five months before his death she received a letter from him in which he promised to come and live with her and to support her, but that he became ill and could not do so. This court also said: "The question of legal liability to support does not of itself determine the question at issue."

Plaintiff also relies upon the case of *Harrison v. Cargill*

*Commission Co.,* 126 Neb. 185, 252 N. W. 899. In that case it was held that a wife in an insane asylum was living with husband within the purview of the statute.

In the case at bar the children of deceased were being supported by the stepfather and the evidence shows that the father had no intention of supporting them. If the contention of plaintiff is correct, this court must read into the statute a provision that children legally entitled to support from the parent are entitled to recover. In a case such as the case at bar, if all parties resided in Nebraska, such a holding would result as follows: The children of deceased would be entitled to compensation, the widow of deceased would be entitled to compensation, and on the other hand the stepchildren would be considered wholly dependent upon the stepfather, if the mother did not survive the stepfather. We think the better view is that, in a case where the children are living with a stepfather, in order to establish dependency of such children, actual support must be shown. The plaintiff has failed to do this and therefore cannot prevail.

REVERSED.