RALPH DUNCAN, APPELLANT, V. A. HOSPE COMPANY ET AL., APPELLEES.

277 N. W. 339

FILED JANUARY 21, 1938. No. 30117.

*Johnsen, Gross & Crawford,* for appellant.

*Votava, McGroarty & Sklenicka, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

GOSS, C. J.

Plaintiff alleged that, on or about November 15, 1932, he was an employee of A. Hospe Company, earning $22 a week, and, arising out of and in the course of his employment, was injured, losing the sight of his left eye; that Employers Mutual Casualty Company, also a defendant, had entered into a contract of compensation insurance for A. Hospe Company; that on or about March 10, 1933, defendants orally agreed with plaintiff to pay him compensation at the rate of $15 a week on the basis of 98.6 per cent. loss of the sight of his left eye, or a total of 122.25 weeks, based on the provisions of the Nebraska workmen's compensation law of 125 weeks; that immediately after the oral agreement was made defendants and each of them, in pursuance of said agreement, began paying plaintiff compensation at the rate of $15 a week and paid him for a total of 25 weeks, at which time, in violation of their agreement, they refused to make further payments and are indebted to plaintiff for the balance, including penalty of 50 per cent. under the workmen's compensation law, and interest, for all of which plaintiff prayed judgment.

To this petition defendants demurred for the reason that the petition failed to state a cause of action. The demurrer was sustained, plaintiff elected to stand on his petition, the petition was dismissed with prejudice, and plaintiff appealed.

The argument for plaintiff is (1) that a demurrer to a pleading admits the truth of all material and relevant facts well pleaded, whether in reality true or untrue (*Dodson v. Woolworth Co.*, 118 Neb. 276, 224 N. W. 289); (2) that the action set out in plaintiff's petition may and should be brought at common law; (3) that defendants' agreement to make payments to plaintiff, as set out in the petition, is supported by a valid consideration and is therefore binding on defendants; and (4) that defendants cannot escape liability on the agreement by claiming that it was not submitted to the court for approval, in view of the fact that they have recognized the binding character of the agreement by making part payment of the agreed amount.

It is fundamental, of course, that a demurrer admits the truth of all material and relevant facts well pleaded. But when the legislature, by statute, creates rights which did not exist at common law, can it be said, legally, that one whose cause of action arises under such a statute can, by virtue of that statute, state a cause of action at common law, or is his alleged agreement unenforceable because it shows on its face that plaintiff did not comply with the statutory requirements?

It is shown by the petition that no settlement agreement was ever approved by the compensation commissioner or by the compensation court. Indeed, the alleged agreement never went beyond the oral stage.

The questions presented suggest the consideration of several sections of the Nebraska workmen's compensation law.

Section 48-133, Comp. St. 1929, says in part: "Provided, that all disputed claims for compensation or benefits shall be first admitted (submitted) to the compensation commissioner, as provided in section 3680 (48-139)."

Section 48-136, Comp. St. 1929, provides: "(Settlement Between Parties, When Binding) The interested parties shall have the right to settle all matters of compensation between themselves in accordance with the provisions of

this article: Provided, that a copy of such settlement shall be filed with the compensation commissioner, and no such settlement shall be binding unless in accord with the provisions of this article."

Section 48-141, Comp. St. 1929, is as follows: "All settlements by agreement of the parties with the approval of the compensation commissioner and all awards of compensation made by the court, except those amounts payable periodically for six months or more, shall be final and not subject to readjustment: Provided, however, no settlement shall be final unless it be in conformity with the provisions of this article, a finding by the compensation commissioner, the district court or any appellate court."

Section 48-147, Comp. St. 1929, provides in part: "Every policy for the insurance of the compensation herein provided, or against liability thereof, shall be deemed to be made subject to the provisions of this act."

Some other sections contain the same idea, but for sake of brevity they are not quoted.

In *Zurich General Accident & Liability Ins. Co. v. Walker,* 128 Neb. 327, 258 N. W. 550, the same question arose on suit by the insurance company to recover premiums on its employer's liability policy. The employer's answer and counterclaim set up that one of his employees was injured and he made settlement, for which he prayed recovery. It did not appear that the matter had ever been presented to and adjudicated by the compensation court. Plaintiff demurred to the counterclaim and raised the question in the county and district courts, in both of which judgment went against plaintiff. In the supreme court the judgment was reversed on the theory that the approval of the compensation commissioner was absolutely necessary to any valid settlement under the compensation law; and that "Neither the county court nor the district court have any original jurisdiction to determine the legality of a claim for compensation of an employee against an employer arising under the provisions of the workmen's compensation act."

In *Jones v. Rossbach Coal Co.*, 130 Neb. 302, 264 N. W. 877, this court said: "It is the universal rule that, where employer and employee are operating under the workmen's compensation law, and the employee suffers injury by reason of an accident, arising out of and in the course of his employment, he must look exclusively to the compensation act for his remedy. *Freese v. Morrell & Co.*, 58 S. Dak. 634, 237 N. W. 886."

Appellant relies strongly upon the case of *Adel v. Casualty Co.*, 188 Ia. 1, 175 N. W. 846. In that case defendant's demurrer was overruled and the judgment was affirmed by the supreme court, though the agreement between the employer and employee had never been submitted to the compensation commissioner, and, as in the case at bar, it had been partly performed. It is to be noted that the opinion contained this expression: "We are not to be understood, however, as holding that failure to refer the matter to the adjudication of the commissioner may not be pleaded as a defense." This Iowa case does not support the general weight of authority on the point.

If there was no approval of the contract by the compensation commissioner or compensation court, the agreement to pay compensation was void and part payment could not make it enforceable in a suit at common law.

The judgment of the district court is

AFFIRMED.