WILLIAM O. COPPLE ET AL., APPELLEES AND CROSS-APPEL-LEES, V. ELINOR BOWLIN ET AL., APPELLEES AND CROSS-AP-PELLANTS, DAVID CECIL BOWLIN ET AL., APPELLEES AND CROSS-APPELLEES, IMPLEADED WITH RONNIE BOWLIN, A MINOR, APPELLANT AND CROSS-APPELLEE.
110 N. W. 2d 117
Filed June 30, 1961. No. 35025.

468

*C. Russell Mattson,* for appellant.

*Cline, Williams, Wright, Johnson, Oldfather & Thompson,* for appellees Copple et al.

*Joseph Ginsburg,* for appellees David Cecil Bowlin and Sharon Lee Campbell.

*Justin C. Tallman,* for appellee Elinor Bowlin.

*Kenneth Cobb*, for appellee Caralyn Kay Campbell.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is a workmen's compensation case brought by the employer and his insurance carrier to determine the dependents entitled to the benefits resulting from an employee's death arising out of and in the course of his employment. The trial court held that the minor defendant David Cecil Bowlin was entitled to recover all the benefits provided by the Nebraska Workmen's Compensation Act resulting from the death of his father Cecil Bowlin. An appeal to this court was taken by the minor defendant Ronnie Bowlin.

Cecil Bowlin was employed by William O. Copple to manage a service station in Lincoln. He received weekly earnings of $85 per week. The Hartford Accident and Indemnity Company is the workmen's compensation insurance carrier for Copple. On April 24, 1959, Cecil Bowlin was accidentally killed in an accident arising out of and in the course of his employment. The employer and the insurance company admit liability for compensation benefits for 325 weeks at $34 per week and a burial benefit of $350. All hospital and medical benefits were paid by the insurance carrier before the commencement of this action. The plaintiffs admit complete liability but desire a judgment determining to whom such benefits are to be paid.

The issue to be determined grows out of the following facts: The deceased married the defendant Esther Bowlin on June 15, 1945. To this marriage one child, Ronnie, was born. Ronnie was 11 years of age at the time of trial and has lived with his mother since her divorce from Cecil Bowlin on February 21, 1950. This decree of divorce provided that Cecil Bowlin should pay $30 per month for the support of Ronnie. The amount that should have been paid at the time of the

death of Cecil Bowlin was $3,330. The sum of $1,889 had actually been paid thereon. On December 18, 1952, Cecil Bowlin entered into a ceremonial marriage with Elinor Campbell at Nebraska City, Nebraska. To this purported marriage one son, David Cecil Bowlin, was born. David Cecil Bowlin was 6 years of age at the time of trial. He has lived in the home of Cecil and Elinor Bowlin since their ceremonial marriage and was living there at the time of Cecil Bowlin's death on April 24, 1959.

The defendant Elinor Bowlin was married to Arthur L. Campbell prior to her marriage to Cecil Bowlin. The minor defendants Caralyn Kay Campbell and Sharon Lee Campbell were born to this marriage. At the time of trial they were 17 and 12 years of age. On June 18, 1952, Elinor and Arthur L. Campbell were divorced by decree of the district court. Elinor thereafter, as we have hereinbefore stated, entered into a ceremonial marriage with Cecil Bowlin on December 18, 1952. Thereafter Sharon Lee Campbell lived with and was wholly supported by Cecil Bowlin until his death. Caralyn Kay lived with her maternal grandparents and was wholly cared for by them.

Death benefits under the Workmen's Compensation Act are fixed by section 48-122, R. S. Supp., 1957. Dependents entitled to such benefits are fixed by section 48-124, R. R. S. 1943. The latter section provides in part as follows: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (1) A wife upon a husband with whom she is living at the time of his death; * * * and (3) a child or children under the age of eighteen years, * * * upon the parent with whom he is * * * living at the time of death of such parent, there being no surviving parent entitled to compensation; * * *. The terms child and children shall include stepchildren and adopted children if members of the deceased's household at the time of his death, * * *. In all other

cases, questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury; and in such other cases, if there is more than one person wholly dependent, the death benefit shall be divided equally among them, and persons partly dependent, if any, shall receive no part thereof. If there is no one wholly dependent and more than one person partly dependent, the death benefit shall be divided among them according to the relative extent of their dependency."

Elinor Bowlin claims that she is entitled to the death benefits as the widow of the deceased. The issue as to Elinor Bowlin is whether or not she was the wife of the deceased at the time of his death. The record shows that Elinor Bowlin was granted a decree of divorce from Arthur L. Campbell on June 18, 1952. This decree was not effective until December 19, 1952. § 42-340, R. R. S. 1943. It is clear that Elinor Bowlin was not free to enter into a marriage until 6 months after the date of her divorce from Arthur L. Campbell. Where a certain period must elapse before a divorce becomes final, in determining whether or not such period has elapsed, the rule is to exclude the first day and include the whole of the last day in said period. Garrett v. State, 118 Neb. 373, 224 N. W. 860. The evidence shows that the ceremonial marriage between Elinor Bowlin and the deceased was entered into in the utmost good faith. This is not, however, a matter that can be advanced to sustain the marriage. The statute is one of legislative policy involving a subject over which it has complete control. The wisdom of the legislation is for the Legislature, with which this court has no right to interfere. We necessarily conclude that Elinor Bowlin was the wife of Arthur L. Campbell at the time of her purported marriage to the deceased. As a result, her marriage to the deceased was wholly void and she was not the wife of Cecil Bowlin at the time of his death. Scott v. Scott, 153 Neb. 906, 46 N. W. 2d 627, 23 A. L. R. 2d 1431. She

is not therefore a beneficiary of the deceased under the Workmen's Compensation Act. We necessarily hold, also, that Caralyn Kay Campbell and Sharon Lee Campbell were not stepchildren of Cecil Bowlin at the time of his decease.

The evidence shows that Caralyn Kay Campbell after the marriage of her mother, Elinor Bowlin, to Cecil Bowlin lived with and was wholly maintained by her maternal grandparents. She was not a dependent within the meaning of the Workmen's Compensation Act. The evidence shows that Sharon Lee Campbell lived in the household of the deceased from the time of his marriage to Elinor Bowlin, her mother, until his death. She was totally dependent upon the deceased for her support during this 7-year period. The holding that the marriage of her mother to the deceased was void eliminates her status as a stepchild of the deceased. Not being a natural child, adopted child, or stepchild of the deceased, she has no standing as a dependent as defined by section 48-124, R. R. S. 1943.

It is the contention of the defendant Ronnie Bowlin that he is a beneficiary as a son of the deceased, who has been wholly dependent upon his deceased father for support. It is first contended that he was constructively "living" with his father at the time of the latter's death. We think not. Ronnie was residing with his mother, Esther Bowlin, at the time of his father's death. The decree of divorce in the suit between Esther Bowlin and Cecil Bowlin placed the custody of Ronnie with Esther Bowlin and required Cecil Bowlin to pay $30 per month for Ronnie's support. This is not within the provision of section 48-124, R. R. S. 1943, that a child under 18 years of age is conclusively a dependent upon the parent with whom he is living at the time of the death of the parent. The granting of Ronnie's custody to his mother and the requirement that support money be paid monthly by the father is in itself strong evidence that he was not living with

his father at the time of the latter's death. The case of Harrison v. Cargill Commission Co., 126 Neb. 185, 252 N. W. 899, is cited in support of Ronnie's contention that he was living with his father at the time of his death. In that case a wife in an insane asylum was held to be living with her husband at the time of his death. The opinion recites that the marriage relation was in no way impaired, that the wife returned home when temporarily paroled, and that temporary absences under such circumstances were not destructive of her status as a wife living with her husband within the meaning of the Workmen's Compensation Act. The case does not support a similar holding where a child is placed in the custody of his mother and a decree of child support entered. The evidence is clear that Ronnie was actually living with his mother at all times after her divorce from the deceased. It would require a strained meaning of plain language to hold that such a situation constituted a constructive living with the father at the time of his death. See Bulman v. Lyman-Richey Sand & Gravel Corp., 144 Neb. 342, 13 N. W. 2d 403.

As to Ronnie Bowlin, it is next contended that he was wholly dependent upon his deceased father for support and that he should be considered as "wholly dependent" as that term is used in section 48-124, R. R. S. 1943. The record shows that Cecil Bowlin, the deceased, was required to pay $30 per month for the support of Ronnie from the entry of the divorce decree. If he had made all of the support payments he would have paid $3,330. He in fact paid in $1,889. The record does show that for the year immediately prior to his death deceased had paid $30 per month for Ronnie's support. It is clear from the testimony of Esther Bowlin that this amount was far short of the amount necessary to house, feed, and clothe Ronnie. In fact, her testimony indicates that it required approximately $60 per month to support him. She recognized this by claiming Ronnie as an exemption for income tax purposes in each income-tax

year, except one, since she had his custody. The proof is sufficient to establish partial dependency but insufficient to sustain a finding that Ronnie was wholly dependent upon his father for his support. See Meyer v. Nielsen Chevrolet Co., 137 Neb. 6, 287 N. W. 849. A child not conclusively a dependent under the provisions of the act can become such only on proof of dependency.

It is contended that David Cecil Bowlin was wholly dependent upon his father for support and that he is entitled to the death benefits provided by the Workmen's Compensation Act. The evidence shows that David was born after the ceremonial marriage entered into by his mother and Cecil Bowlin. There is nothing to indicate that this marriage was not entered into in good faith. They lived together as husband and wife, and after his birth David lived continuously in the home. He was wholly supported by Cecil Bowlin. He was at all times known by the name of his father. He was treated as a son by the deceased father. It is here contended, in view of the invalidity of the marriage between Cecil and Elinor Bowlin, that the evidence is insufficient to establish the paternity of David. Section 13-109, R. R. S. 1943, provides: "A person may state in writing that he is the father of a child or perform acts, such as furnishing of support, which reasonably indicate that he considers himself to be the father of such child, and in such case he shall be considered to have acknowledged the paternity of such child. A child whose parents marry is legitimate." The foregoing statute and not section 30-109, R. R. S. 1943, is the controlling statute. There is no question of heirship or right of inheritance involved here. It is solely a question of dependency, not for the benefit of an estate but for those who are legally and morally entitled to support. The purpose and object of the Workmen's Compensation Act is to continue the support of dependents after casualty. The Workmen's Compensation Act makes no distinction between legitimate and illegitimate chil-

dren if the conditions of the statute are met. It is clear from the evidence that Cecil Bowlin was established as the father of David in accordance with section 13-109, R. R. S. 1943. David was a member of the family of the deceased, living with him at the time of his death, and was being wholly supported by him. David, under the evidence, was wholly dependent upon the deceased and is entitled to the death benefits provided by the Workmen's Compensation Act as the sole beneficiary named in the act who was wholly dependent upon the deceased for his support.

It is contended that the workmen's compensation court is without jurisdiction to determine the paternity of children and, consequently, it cannot be determined in a workmen's compensation case. The Workmen's Compensation Act requires the workmen's compensation court to determine questions of dependency and relationship and to make orders for the benefit of wives, husbands, children, adopted children, stepchildren, and posthumous children. Where a determination of paternity is a necessary incident to such determinations, the workmen's compensation court has the power and authority to make such a determination. If this were not so, the powers specifically granted to the workmen's compensation court as a court of original jurisdiction in matters arising under the Workmen's Compensation Act would be unduly circumscribed and in many cases would prevent the determination of issues specifically within its original jurisdiction. Bourelle v. Soo-Crete, Inc., 165 Neb. 731, 87 N. W. 2d 371; Timmerman v. Timmerman, 163 Neb. 704, 81 N. W. 2d 135, 65 A. L. R. 2d 1372; Middleton v. Luckenbach S. S. Co., Inc., 70 F. 2d 326; Roberts v. Whaley, 192 Mich. 133, 158 N. W. 209, L. R. A. 1918A 189.

It is the contention of the defendant, Elinor Bowlin, that the fees of the guardians ad litem are of the plaintiffs' own making and should be charged to the employer and his insurance carrier under the provisions of section

48-172, R. R. S. 1943. Three guardians ad litem were appointed to represent the four minor defendants in the action. One guardian ad litem was successful in the litigation, the other two were not. A guardian ad litem is entitled to a reasonable fee for his services to be taxed as costs. The litigant to whom the fee for services of a guardian ad litem shall be taxed as costs depends upon the circumstances of each particular case and the discretion of the court. Wood Realty Co. v. Wood, 132 Neb. 817, 273 N. W. 493.

In the instant case the plaintiffs admitted liability for all death benefits provided by the Workmen's Compensation Act. They brought the present action to determine to whom such benefits should be paid. It seems clear to us that a party, who is willing to pay the full amount due on a statutory liability and seeks only to have the beneficiary determined, should not be charged with the fees of guardians ad litem, even though they were necessary to the determination of the issue presented. As to the minor defendant, David Cecil Bowlin, there is no problem. The fee of his guardian ad litem, he being the successful party, is properly payable from the fund recovered. The guardians ad litem representing unsuccessful minor defendants are entitled to be paid. The question arises as to the source from which they shall be paid.

The circumstances of each case are to be considered in determining to whom the fees of guardians ad litem are to be taxed, or from what source they are to be paid. Not only the plaintiffs but all the minor defendants as well prayed for a determination of the party entitled to the compensation benefits. The issue could not be determined without all the minor defendants being in court. Once in court, the appointment of guardians ad litem to protect their respective interests was required. It follows that the appointment of guardians ad litem was necessary and for the benefit of all claimants of the compensation benefits, for without the guardians ad

litem none of the parties could have litigated his or her claim. Since the record shows that minor defendants are dependent upon others for support and are possessed of no property out of which the fees of the guardians ad litem can be paid, we think justice and equity require that they be paid from the fund awarded under the Workmen's Compensation Act. We think this conclusion is supported by the rules announced in In re Clapham's Estate, 73 Neb. 492, 103 N. W. 61, and Cass v. Pense, 155 Neb. 792, 54 N. W. 2d 68. The costs of this appeal should likewise be paid from the same source. German National Bank v. Beatrice Rapid Transit & Power Co., 69 Neb. 115, 95 N. W. 49; Smullin v. Wharton, 83 Neb. 328, 119 N. W. 773, 121 N. W. 441.

We necessarily conclude that the position of the defendant David Cecil Bowlin is correct and that the contentions of the other parties are without merit. The trial court arrived at the same conclusion and its judgment is affirmed.

AFFIRMED.