COMMUNITY CREDIT CO., A CORPORATION, APPELLEE AND CROSS-APPELLANT, V. JOE GILLHAM, DOING BUSINESS AS GILLHAM'S AUTO SALES, APPELLANT AND CROSS-APPELLEE.

214 N. W. 2d 384

Filed January 25, 1974. No. 39018.

Robert E. Paulick, for appellant.

Orval W. Von Seggern of Cunningham, Blackburn & Von Seggern, for appellee.

Heard before WHITE, C. J., McCOWN, and NEWTON, JJ., and LYNCH and WARREN, District Judges.

WARREN, District Judge.

This is a replevin action by plaintiff Community Credit Co., a Minnesota corporation, for the return of a 1971 Hornet automobile, or the value thereof, from the defendant Joe Gillham, doing business as Gillham's Auto Sales, of St. Paul, Nebraska. After two special findings by the jury, the court entered judgment for plaintiff for $1,700. Defendant has appealed and plaintiff has cross-appealed.

The evidence establishes that on April 15, 1971, Jean C. Grapentin, then residing in Hennepin County, Minnesota, purchased a new 1971 Hornet automobile from plaintiff's assignor under a conditional sales contract which was signed by her husband Stanley C. Grapentin as guarantor. Pursuant to that transaction plaintiff filed a financing statement on April 19, 1971, in the office of the register of deeds of Hennepin County, Minnesota. Before a recent enactment which became effective October 1, 1972, Minnesota was a nontitle state, and hence Mrs. Grapentin obtained only a registration card from the Minnesota Motor Vehicle Division. The Minnesota registration card did not provide a space for listing of liens and encumbrances. The payments on the conditional sales contract became 30 days past due in October

1971. In the first part of October 1971, Stanley C. Grapentin brought the automobile to Grand Island, Nebraska, where he stayed temporarily while frequenting used car lots with a view to trading off his wife's automobile for a different car. With his estranged wife in California, Stanley C. Grapentin, identifying himself as Jean C. Grapentin, endorsed the Minnesota registration card before a Grand Island notary public, then signed his wife's name to a Nebraska application for a certificate of title in the office of the county clerk of Hall County, and on November 12, 1971, obtained a "clear" Nebraska certificate of title in the name of Jean C. Grapentin showing no liens or encumbrances. He then again signed his wife's name to the assignment portion of the Nebraska title, before a St. Paul, Nebraska, notary public, and on November 15, 1971, sold the automobile to the defendant for a stated consideration of $2,285 which consisted of $900 cash and an older automobile. Plaintiff first learned that the automobile might be in Nebraska in late November or early December 1971, and inquired of the defendant as to the whereabouts of the automobile. Defendant had sold the Hornet automobile on December 3, 1971, to a man in Denver, Colorado, whom he could not name at the time of trial, for "$1900.00 and something," and defendant testified that he had made no record of the sale. The testimony of Stanley C. Grapentin was offered by deposition taken at the Nebraska Penal and Correctional Complex 2 weeks before the trial.

The question presented by this fact situation is whether defendant purchased the 1971 Hornet automobile subject to plaintiff's security interest.

The trial court submitted two issues to the jury: (1) Whether or not Stanley C. Grapentin had the automobile in Nebraska for more than 4 months; and (2) the value of the automobile on January 17, 1972. The jury returned special findings that Grapentin had the automobile

the loss, and as between plaintiff insurer and defendant hospital, the party making the mistake should bear that loss.

A creditor who has innocently received payment of a debt from a third party is under no duty to make restitution to the third party if it is later discovered that the third party had no responsibility to make the payment and payment was made solely because of the third party's mistake.

Plaintiff, for reasons not shown by the record, did not join its insured as a party defendant in attempting recovery of its overpayment, and we are therefore not called upon to rule as to the right of an insurer to recover from its insured for overpayments mistakenly made to insured's third party creditor.

For the reasons stated, the judgment of the trial court is affirmed.

AFFIRMED.