KATHLEEN H. CHESTER, APPELLEE, V. DOUGLAS COUNTY, NEBRASKA, APPELLANT.

223 N. W. 2d 491

Filed December 5, 1974. No. 39457.

Donald L. Knowles and Roger R. Holthaus, for appellant.

Steven M. Luttbeg of Eisenstatt, Higgins, Kinnamon & Okun, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is a workmen's compensation case. The employer, Douglas County, has appealed from a judgment of the District Court for Douglas County, affirming, with modification, an award of the Workmen's Compensation Court to the plaintiff.

The plaintiff, Kathleen H. Chester, began work as a nurse's aide at the Douglas County Hospital on September 18, 1972. On the morning of September 22, 1972, she went to the dining area to get some fruit juice for one of her patients. She testified that on her way out of the dining area she slipped and fell. There was a clear liquid on the floor in the area where she fell. There were no eyewitnesses to the actual fall, but another employee

who was walking ahead of the plaintiff heard the plaintiff call out and turned to observe her lying on the floor. She also observed that the floor was wet. She called for assistance and, with other employees, helped the plaintiff into a wheelchair. The plaintiff was crying and appeared to be in pain and her legs were twisted under her. The plaintiff was taken to the emergency room where a doctor examined her and found no fractures and prescribed aspirin and rest. The next day the plaintiff stayed at home since she did not feel well enough to work. On September 25, 1972, she reported to work again but after a short time she again experienced back pains and reported to the emergency room. She was referred to her own personal doctor but in his absence, she was treated by a Dr. Pantano, and was admitted to the hospital by Dr. Pantano on September 25, 1972. The following day she was placed in pelvic traction and remained in traction for approximately 2 weeks. Her personal physician then returned. Some 4 or 5 days later, on October 11, 1972, she was released from the hospital. Early in 1973, the plaintiff again returned to work. She worked for a period of 3 weeks but again experienced back pain. She did not return to work for several days, and on February 27, 1973, the hospital terminated her employment because of her absenteeism.

There was no evidence of permanent physical disability. There was medical evidence that plaintiff had either a back sprain or strain or that plaintiff's condition and subjective complaints may have been due to conversion hysteria. There was no objective evidence of any physical injury of a permanent nature.

The one-judge Workmen's Compensation Court entered an award for temporary total disability for an aggregate period of .13 4/7 weeks; and for the payment of specified hospital and medical bills; and also included a penalty of 50 percent of all delinquent installments of compensation for waiting time; plus an attorney's fee.

The three-judge Workmen's Compensation Court af-

firmed that award, plus an additional attorney's fee. On appeal to the District Court, the award of the Workmen's Compensation Court was affirmed with modification by eliminating the penalty for waiting time and attorney's fees.

On appeal to this court the defendant contends that the evidence and findings of fact in the record do not support the judgment. Essentially, the defendant's position is that the evidence is insufficient to prove that plaintiff sustained personal injury from an accident arising out of and in the course of employment, and that subjective symptoms apparent only to the injured person are insufficient to establish a compensable disability.

The Workmen's Compensation Act does not require that the objective symptoms of an injury produced at the time of the accident be observed by others or that their existence be proved by independent testimony. Gifford v. Ag Lime, Sand & Gravel Co., 187 Neb. 57, 187 N. W. 2d 285.

On appeal of a workmen's compensation case to the Supreme Court, if there is reasonable competent evidence to support the findings of fact in the trial court, the judgment, order, or award will not be modified or set aside for insufficiency of the evidence. Gifford v. Ag Lime, Sand & Gravel Co., *supra*.

The findings of fact in this case are supported by the record and the judgment of the District Court is affirmed. An attorney's fee of $500 is allowed to plaintiff's attorney for services in this court.

AFFIRMED.