DOROTHY JENSEN, APPELLANT, v. WESTERN PRINTING COMPANY, APPELLEE.

227 N. W. 2d 839

Filed April 10, 1975. No. 39711.

S. Caporale of Shrout, Caporale, Krieger, Christian & Nestle, for appellant.

Pilcher, Howard & Dustin, for appellee.

Heard before SPENCER, McCOWN, and NEWTON, JJ., HAMILTON, District Judge, and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is a workmen's compensation case. An award by a single judge was appealed to the District Court for Douglas County, Nebraska, rehearing being waived. The District Court, after hearing and considering evidence, found that the plaintiff should be awarded com-

pensation for temporary total disability from April 28, 1970, to May 6, 1971, and for 25 percent permanent partial disability thereafter, affirming the previous award. The plaintiff appeals to this court. We affirm the judgment of the District Court.

The record shows that the appellant had been employed by the appellee since September 1969, performing unskilled work; she operated various types of machines incidental to the printing business and performed other tasks involving stooping, bending, and the lifting and carrying of heavy objects. On April 27, 1970, while moving a box from a "heat seal" table to a stack of boxes on a skid, the appellant felt something snap in her back and fell to one knee. The appellant was hospitalized immediately and given medical treatment for a lumbar condition. After a period of conservative treatment, exploratory surgery was performed on November 5, 1970; although no extruded disk material was revealed, the disk was opened and degenerative material removed. The appellant then received physical therapy out-patient treatment until May 6, 1971. Dr. Klein then released the appellant to return to work, with the recommendation that she avoid prolonged bending or heavy lifting. The appellant applied for work to the appellee and to several others but did not secure further employment. Her complaints of pain continued and further medical examinations of her were made at intervals up until the time of trial. Some testimony indicates that the appellant was suffering psychologically. Each of the medical experts was questioned about this and each stated that he considered both her psychological condition as well as her physical condition in forming an opinion as to the extent of her disability. The maximum disability stated was 25 percent; the trial court found this amount of permanent partial disability.

Both sides argue the facts and the law relating to a determination of the existence of total or partial disability. The record, however, contains reasonable com-

petent testimony to support the findings and judgment of the trial court. A trial de novo in this court, therefore, is not justified. Quincy v. J & S of Nebraska, Inc., 191 Neb. 208, 214 N. W. 2d 498; Chester v. Douglas County, 192 Neb. 666, 223 N. W. 2d 491.

The judgment of the trial court is affirmed.

AFFIRMED.