TREAVER LEE JAMES, A MINOR, AGE 5 YEARS, BY AND THROUGH DONNA JEAN SINNETT, HIS MOTHER AND NEXT FRIEND, APPELLANT, V. RAINCHIEF CONSTRUCTION COMPANY, GRAND ISLAND, NEBRASKA, ET AL., APPELLEES.

251 N. W. 2d 367

Filed March 9, 1977. No. 40797.

Cunningham, Blackburn, Von Seggern & Livingston, for appellant.

John A. Wagoner, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

In this action Donna Jean Sinnett seeks to obtain further workmen's compensation benefits for her 6-year-old mongoloid son as a dependent of his deceased father Michael James. Two hearings were held in the Workmen's Compensation Court and one in the District Court. In each instance plaintiff's claim was rejected. We affirm the judgment of the District Court.

Donna Jean Sinnett obtained a divorce from Michael James on October 22, 1971, in Salina, Kansas. The decree provided that custody of the son should be awarded to his mother and that Michael James should contribute $11.50 per week to the support of the son. Three weekly payments were made in October and November 1971. No further payments were made until January

1973, following an action under the Uniform Reciprocal Enforcement of Support Act brought in the District Court for Hall County, Nebraska. An order was entered directing Michael to pay $50 per month to comply with the $11.50 weekly requirement and an additional $10 per month to apply on the unpaid deficit which had accrued. Three $60 payments were made prior to Michael's accidental death on April 6, 1973.

Defendants paid benefits in the total sum of $5,952 at the rate of $62 per week, the maximum benefit provided by statute. See § 48-122, R. S. Supp., 1972. The son continued to live with his mother throughout the period mentioned. Her earnings amounted to take-home pay of $320 per month.

The primary question presented is whether the son was totally or partially dependent upon his father. The Nebraska statutes in force at the time of the accident provided that a child was not conclusively presumed to be a dependent on his parent unless he was living with such parent at the time of the parent's death, otherwise dependency became a question of fact. See § 48-124, R. S. Supp., 1972. The statutes further provided that partial dependents "shall be paid on account of the benefits provided in subsection (1) of this section for persons wholly dependent, in the proportion that the average amount regularly contributed by the deceased from his wages for a reasonable time immediately prior to the accident, to such persons who were partially dependent, bears to the total wages of the deceased during the time." § 48-122 (3), R. S. Supp., 1972. Section 48-122 (1) provided also that a dependent was entitled to compensation benefits for 325 weeks. If a total dependent, plaintiff is entitled to further compensation at the rate of $62 per week for the remainder of the 325-week period. If a partial dependent, plaintiff was entitled to only $11.50 per week for a period of 325 weeks and this sum has been paid.

The Kansas divorce decree provided that the father

"should be ordered *to assist* in the support of said minor child." (Emphasis supplied.) For a period of approximately 14 months extending from November 1971 to January 4, 1973, Michael James failed to make any child-support payments and his son was wholly dependent upon his mother. Three monthly payments were then made in January, February, and March 1973. In her testimony before the Workmen's Compensation Court the mother stated that at the time she initiated the action under the Uniform Reciprocal Enforcement of Support Act, she needed $50 per month to support her son and this was the sum needed for his food and clothing. The statement represented the sum awarded as child support in the decree of divorce which the court found to be a sum needed "to assist" in the boy's support. On the basis of the mother's testimony, the $50 per month was sufficient to pay only for the boy's food and clothing. Obviously he was dependent upon his mother for all other necessary items of support such as housing, heat, lights, care while the mother was away at work, medical and dental attention, etc.

We have held that, under the circumstances here presented, a child is not presumed to be a dependent but must prove dependency in fact. See, Palmer v. Hamer, 133 Neb. 362, 275 N. W. 322; Meyer v. Nielsen Chevrolet Co., 137 Neb. 6, 287 N. W. 849. At both the one and three-judge hearings in the Workmen's Compensation Court and the hearing in the District Court, it was concluded that plaintiff had failed to sustain the burden of proof regarding total dependency. The burden of proof in a workmen's compensation proceeding is on the claimant. See Parrish v. Karl Kehm & Sons Contractors, 186 Neb. 252, 182 N. W. 2d 422. We have also held that: "Where a deceased father, pursuant to court order, contributed $30 per month to the support of a child residing with a former wife, and the evidence shows that such amount only partially supported the child, such child is a partial dependent under section

48-124, R. R. S. 1943." Copple v. Bowlin, 172 Neb. 467, 110 N. W. 2d 117.

"When the findings of fact by the trial court in a workmen's compensation case are supported by reasonable, competent testimony, the cause will be not considered de novo on appeal." Jensen v. Western Printing Co., 193 Neb. 481, 227 N. W. 2d 839.

The record reflects the presence of reasonable and competent evidence to sustain the finding of the Workmen's Compensation Court and the case will not be considered de novo.

Plaintiff also contends that a binding agreement was reached between the parties resulting in the payment of compensation as heretofore noted. Section 48-136, R. R. S. 1943, permits the parties to settle matters of compensation between themselves, provided that a copy of the settlement be filed with the compensation court, but it shall not be binding unless in accordance with the provisions of the compensation act. Each party had sent a copy of a letter, indicating that the defendant insurance company would pay the maximum benefits, to a judge of the compensation court. This is the basis for the alleged agreement. The judge stated he had no recollection of the letters and did not file them but ordinarily turned such things over to the court's legal counsel. It is evident that an agreement such as is contemplated in the statute was never filed or approved. In the absence of such compliance the alleged agreement is void and of no effect. See, Duncan v. A. Hospe Co., 133 Neb. 810, 277 N. W. 339; Riggins v. Lincoln Tent & Awning Co., 143 Neb. 893, 11 N. W. 2d 810.

The contention that defendants are now estopped to deny the purported agreement is without merit. Plaintiff has not been injured or damaged thereby. In fact, plaintiff gained by defendants' mistake as more compensation has been paid than plaintiff was entitled to.

The judgment of the District Court is affirmed.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent from the majority opinion herein. The issue as I see it is whether the mongoloid son of the deceased workman was totally or partially dependent upon his father. While it is true that the child was not living with his father at the time of the father's death, the undisputed testimony of the mother is that she needed $50 per month for the support of this child. This was the amount allowed in the divorce decree and was the amount provided in the uniform reciprocal enforcement of support action filed in this state. In my judgment, he was totally dependent upon his father.

On the record before us, the workman was paying the total amount needed to support the child at the time of the workman's death. The record indicates the child's dependency on the workman was total at the time of the death of the workman.

This was a Kansas and not a Nebraska divorce. The Kansas court found $50 was necessary for the support of the child. The mother testified the amount was adequate. To enforce it, the mother filed a uniform reciprocal enforcement of support action in this state. In the absence of evidence to the contrary, we should not ignore the mother's testimony and take judicial notice that it must have cost more than $50 a month to support the child. We should find on her testimony $50 is the amount which was required for his support at the time of the father's death.

On the record I would find the mongoloid child totally dependent upon his father, the workman, at the time of the father's death, and reverse the judgment of the trial court.

McCOWN, J., joins in this dissent.