HAL LIGHTHILL ET AL., APPELLEES, V. KEITH MCCURRY, DOING BUSINESS AS MCCURRY CONSTRUCTION COMPANY, ET AL., APPELLANTS.

122 N. W. 2d 468

Filed July 5, 1963. No. 35483.

Luebs, Elson, Tracy & Huebner and Irwin G. Manley, for appellants.

Paulick, Buechler & Huber, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

This is a partial dependency case under the Workmen's Compensation Act, sections 48-122 and 48-124, R. R. S. 1943. The question involved is whether or not the plaintiffs, the parents of the deceased, were partially dependent upon their deceased 20-year-old son on the date of his death within the meaning of the act.

The parents were found by the Nebraska Workmen's Compensation Court to be partially dependent on the

deceased employee of the defendants on the date of his death, September 26, 1961, and an award in their favor was entered. The defendants appealed directly to the district court where the case was tried de novo on the merits. On appeal, at the commencement of the trial, the parties stipulated "that the sole issue is whether or not there is dependency under the laws of Nebraska." After trial on this issue, the district court also found for the plaintiffs, found that the plaintiffs were partially dependent upon their deceased son, Laverne Lighthill, and affirmed the award of the compensation court. The defendants appeal.

The facts in this case are almost without dispute. The decedent, Laverne Lighthill, son of the plaintiffs, was killed on September 26, 1961, while acting within the scope and course of his employment for the defendant employer, Keith McCurry, doing business as McCurry Construction Company. The decedent was 20 years of age, single, and lived at home with his parents. At the time of his death, the decedent was earning $1.70 per hour for a 40-hour week. The plaintiff father was employed by Sherman County, working on the county roads for a monthly salary of $245 with a net take-home pay after deductions of $213 per month. During all of the period referred to herein, the decedent lived with his parents in the family home. His mother did not work or have any income, and the decedent was the recipient of the normal incidents of living in the home, part of his board, his laundry, room, and enjoyment of the home. The decedent's employment with the defendant McCurry started in April 1961.

As shown by answers to interrogatories requested and offered by the defendants and received without objection, contributions by the decedent to his parents for a period beginning June 17, 1961, and ending on the date of the death of their son may be summarized monthly as follows:

A.  June 1961.
    6-17-61 - Cash by check to mother    $10.00
    6-19-61 - Overall purchase for father    $ 8.94
    6-27-61 - Cash from wages    $15.00
    6-30-61 - Payment of father's gas bill    $12.55

B.  July 1961.
    7- 3-61 - Payment on Chevrolet car
             for parents    $150.00
    7- 5-61 - Cash to mother    $15.00

C.  August 1961.
    Cash to mother on different dates  $20.90
    Payment by check of father's gas
    bill    $ 4.35

D.  September 1, 1961, to September 22, 1961, inclusive.
    Purchase of boots for father    $14.50
    Cash to mother on four different  $16.00
    dates    $10.00
        $10.00
        $10.86

The mother's uncontradicted testimony on many of these items was supported by documentary evidence, mostly checks signed by the deceased. The car belonged to the parents and was used by the father, Hal Lighthill, in his work, and the son used it some for social purposes in the evening. Gasoline was purchased separately by the son at different times, and he would use the car when it was his turn to drive to his own work. The family lived in Litchfield, and the son went down town in the evening. The monthly family expenses were $279.75 consisting of the usual expenses of a family owning and living in a home.

The Workmen's Compensation Act, section 48-122 (3), R. R. S. 1943, provides that in order to sustain a claim of partial dependency, the plaintiff must show an average amount regularly contributed by the deceased for a reasonable time immediately prior to the accident. The parents are not presumed to be dependents of minor

children but, on the facts, may be found to be dependent. They fall within the class contemplated by the following which is part of section 48-124, R. R. S. 1943: "In all other cases, questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury * * *."

The defendants contend that the decedent made no regular contributions toward the support of his parents, that there is no evidence that the parents were actually dependent for support upon any money given them by the decedent, and that the money given them by the decedent was not for their support. The defendants rely mainly on the case of Pieters v. Drake-Williams-Mount Co., 142 Neb. 315, 6 N. W. 2d 69, and say it is "on all fours" with this case.

We feel that this case is very similar to and controlled by McKelvey v. Barton Mills, Inc., 152 Neb. 120, 40 N. W. 2d 407, a later case. In that case, a young boy, 16 years of age, quit school and began working away from home at various jobs. He had worked for the employer defendant only 6½ weeks prior to his death, but during that period, he had made minor contributions in varying amounts, generally from $5 to $10 per week, to his parents. The parents were operating a 200-acre farm with a gross income of about $4,100 per year, and the boy made contributions to his father for a tire and tube on the family car.

The same contentions were made by the defendant in the above case as in the present case. This court had before it at that time the Pieters case, *supra,* and cited its holding as supporting the award to the plaintiff therein. The court said: *"It reasonably appears that appellees could have gotten along without the assistance given by the deceased but that these contributions provided nothing beyond what may be regarded as ordinary necessities and relieved only against self-denial. It further reasonably appears that the deceased made the contributions in recognition of a duty in this respect which*

*it pleased him to assume.* \* \* \* This court said in Kral v. Lincoln Steel Works, 136 Neb. 31, 284 N. W. 761: 'Where the evidence shows that parents, with limited means, actually received contributions for their support from the wages of a son now deceased, such fact constitutes evidence strongly tending to establish dependency, and the question of dependency or partial dependency must be determined from the facts in each case.' \* \* \* In Pieters v. Drake-Williams-Mount Co., 142 Neb. 315, 6 N. W. 2d 69, it was said: 'Dependency in fact under \* \* \* the workmen's compensation act is not created by contributions made for purposes other than the partial support of the alleged dependent. \* \* \* The determination of the fact of partial dependency under \* \* \* the workmen's compensation act must be based first upon contributions made by the employee for the purpose of support of the claimed dependent. \* \* \* It is not money contributed, but money contributed for the purpose of support of the claimant that must be the basis of any claim of partial dependency under said act.' \* \* \* This court has held that where a claim is made under the workmen's compensation law on account of dependency actual as distinguished from mere legal dependency must be shown. Palmer v. Hamer, 133 Neb. 362, 275 N. W. 322; Meyer v. Nielsen Chevrolet Co., 137 Neb. 6, 287 N. W. 849. \* \* \* 'Dependency' and 'support' under the workmen's compensation law are not capable of certain definition. The definition and application of these words should not be too severely restricted. *If a contribution is made to the ordinary comforts and conveniences which are reasonably appropriate to parties in their station in life, it should be considered as support and the recipient regarded as a dependent.* \* \* \* In Federal Underwriters Exchange v. Hinkle, (Tex. Civ. App.) 187 S. W. 2d 122, is found a statement appropriate to such a situation: 'Support is a very flexible term and includes something more than the bare necessities of life. It includes also the ordinary comforts and con-

veniences which are reasonably appropriate to the parties' station in life—such as were actually being enjoyed by them at the time of and prior to their son's death.'" (Emphasis supplied.)

Without reciting the exact connections between these pronouncements and the separated elements of the evidence, it is apparent here, as in the McKelvey case, *supra*, that the parents had ample funds for their own support, and that the contributions may have "relieved only against self-denial." It further reasonably appears that the contributions undisputedly were used to procure and pay for the things commonly regarded as of the essence of the necessities of life or were, at a minimum, "made to the ordinary comforts and conveniences which are reasonably appropriate to parties in their station in life." The defendants, in effect, would have us apply a test that would require a showing that the parents were either indigent or incapable of supporting themselves and that the contributions were over and above what the decedent would normally have to pay for his own support. Our cases do not support such a rigidity of construction. The definitions and application of these words should not be so severely restricted. McKelvey v. Barton Mills, Inc., *supra.*

The defendants do not discuss or attempt to distinguish the McKelvey case by way of argument but rely on the Pieters case, cited *supra*, which was urged, considered, and quoted from in the McKelvey case, *supra*. The two cases are clearly distinguishable. In the Pieters case, *supra*, the plaintiff was a 27-year-old married man with a family, and the decedent was a 59-year-old father "indigent and in need" who came to Omaha to live with the son who said, "that any time he wanted to come and stay with me," he could do so. The court found: "Here the record sustains only the conclusion that the plaintiff assumed the burden of caring for his father, that while unemployed the burden of caring for his father was entirely upon the plaintiff, and that when the father

was employed the burden was in part, at least, carried by the father. The record does not support a finding that the father at any time undertook to or did contribute to the plaintiff for the purpose of aiding in the support of the son or his family."

We adhere to the applicable rules announced in McKelvey v. Barton Mills, Inc., *supra*, and the significance with relation thereto given substantially comparable facts in that case. We find that the plaintiffs were partial dependents of the decedent and entitled to compensation under the workmen's compensation law.

The defendants complain of errors in the admission of evidence as to exhibits 1 to 9, claiming insufficient foundation. Assuming, but not deciding, that there was such lack of foundation, the identical evidence as well as additional evidence was received by way of answers to interrogatories proposed by the defendants, answered by the plaintiffs, offered by the defendants themselves, and received without objection. The defendants complain that they were not allowed large enough scope on cross-examination to explore the financial assets and property of the plaintiffs which were available to them for their own support. We have examined the record and at no point can we find where the trial court abused its discretion in this matter.

The matter of the computation or amount of the award is not discussed or argued in the parties' briefs. The plaintiffs ask that the award be increased but do not separately cross-appeal or argue the question. Consequently, we may not consider it here.

The judgment of the district court was correct and is affirmed. An attorney's fee of $250 for services in this court is allowed in favor of plaintiffs to be taxed as costs against the defendants.

AFFIRMED.